# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| CATHY TOOLE | § | PLAINTIFF |
| | § | |
| VERSUS | § | CAUSE NO. 1:08CV1481-LG-RHW |
| | § | |
| JAMES B. PEAK, HENRY PAULSON, | § | |
| PETE GEREN, JOE ADAIR, CHEVIS C. | § | |
| SWETMAN, R.L. HINDMAN, DAVID L. | § | |
| QUINN, and RICHARD A. DALEY | § | DEFENDANTS |

## ORDER OF DISMISSAL WITHOUT PREJUDICE
## FOR LACK OF SUBJECT MATTER JURISDICTION

BEFORE THE COURT is Defendant Chevis C. Swetman's [7] Motion to Dismiss, or in the Alternative, Motion to Quash Summons and for More Definite Statement, filed on February 13, 2009. Swetman argues that this case was previously dismissed for lack of subject matter jurisdiction, and there is no subject matter jurisdiction over the particular claims against him. Plaintiff Cathy Toole filed an untimely response on March 20, 2009. Nevertheless, the Court has considered both parties' submissions and the relevant legal authority. The Court finds that it does not have subject matter jurisdiction over the instant case.

## FACTS AND PROCEDURAL HISTORY

On July 26, 2006, Toole filed a nearly identical action before this Court, in which she sued various parties claiming that the United States Veterans Administration wrongfully denied her widow's benefits. This Court dismissed the action for lack of subject matter jurisdiction on December 6, 2006, because pursuant to *Zuspann v. Brown*, 60 F.3d 1156 (5th Cir. 1995), "district courts have no jurisdiction to review a denial of benefits." (Order of Dismissal, No. 1:06cv716-LG-JMR). She did not appeal this decision.

Instead, over two years later, Toole filed the instant action raising the identical claims against various members of the United States government, again challenging the denial of veteran's benefits. These members are Defendants James B. Peak, Secretary of Veterans Affairs; Henry Paulson from the Department of the Treasury; Pete Geren, Secretary of the Army; Joe Adair of the Veterans Affairs Department; R.L. Hindman, Director of the National Personnel Records Center; and David L. Quinn and Richard A. Daley, both appellate attorneys representing the Veterans Affairs Department in her concurrent appeal to the Veterans Court of Appeals. Attached to the Complaint are documents indicating that these claims are currently pending before the United States Court of Appeals for Veterans Claims. In fact, the Appellee's brief was filed four days before she filed the instant lawsuit. Also, four days before she filed the instant lawsuit the appeals court denied her request for an expedited decision.

In addition, she added Swetman as a defendant, claiming that he was president of the People's Bank, she is frightened of the People's Bank, and that the People's Bank gave her three different account statements with the same account number on it. Specifically, she alleges:

> I Cathy Toole will subpoena Chevis C. Swetman. Read the three bank copies from the People's Bank dated Sept 30, 1998 June 30, 1998 March 31, 1998 And the letter dated Oct 8, 2007. Think about this Judge! How does three different accounts have the same account number? What is the honest account number of all three accounts? . . . I fear for my life. Because, just about every where I go it is close to the People's Bank. Post Office, Pay Bills, My Bank, the Court House, to Eat, Doctor, Hospital.

(Compl. at 1-2). Attached to the Complaint are the three different account statements. Also attached is the 2007 letter, from Swetman, at the bank's Biloxi, Mississippi branch. Finally, attached to the Complaint are two copies of this Court's previous order dismissing her case for lack of jurisdiction.

**DISCUSSION**

CLAIM FOR VETERANS BENEFITS

The instant case is essentially an appeal of a denial of veterans benefits. As previously stated by this Court in Cause No. 1:06cv716-LG-JMR, *Toole v. Weinstein*, the Court has no authority to review the denial of veteran's benefits. 38 U.S.C. § 511(a). This is because the "decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of a mandamus or otherwise." *Id.* The Veterans' Judicial Review Act:

> allows veterans to appeal benefits determinations to the Board of Veteran's Appeals. Jurisdiction to review the Board's decisions is conferred exclusively on the Court of Veterans Appeals. The United States Court of Appeals for the Federal Circuit has exclusive jurisdiction to review the decision of the Court of Veterans Appeals.

(Order of Dismissal, No. 1:06cv716-LG-JMR) (quoting *Zuspann*, 60 F.3d at 1158-59).

This decision is binding on Toole, as she did not appeal it. In the alternative, the Court has once again reviewed this claim and determined that the Court is still barred from reviewing this claim as a matter of law. Additionally, the denial of benefits claim is currently pending before the Court of Veterans Appeals. Therefore, Peak, Paulson, Geren, Adair, Hindman, Quinn, and Daley are dismissed without prejudice.

CLAIM AGAINST SWETMAN

Original federal jurisdiction is limited to federal question, diversity, or supplemental jurisdiction. 28 U.S.C. §§ 1331-32, 1367. There is no federal claim raised against Swetman; therefore there is no federal question jurisdiction over this claim. One of the requirements for diversity jurisdiction is that all of the plaintiffs have different citizenship than all of the

defendants. 28 U.S.C. § 1332. Both Toole and he are citizens of Mississippi, therefore there is no diversity jurisdiction over this claim. Because there are no other claims over which this Court has original subject matter jurisdiction, there is no supplemental jurisdiction over the claim against Swetman. 28 U.S.C. § 1367. Therefore the Court lacks subject matter jurisdiction over Toole's claim against Swetman, and he should be dismissed.

**IT IS THEREFORE ORDERED AND ADJUDGED**, that for the reasons stated above, Defendant Chevis C. Swetman's [7] Motion to Dismiss is **GRANTED**. Swetman is hereby dismissed without prejudice.

**IT IS FURTHER ORDERED AND ADJUDGED**, that, because the Court lacks subject matter jurisdiction over the entire case, all defendants are dismissed without prejudice.

**SO ORDERED AND ADJUDGED** this the 8th day of May, 2009.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE